## SCHERER v. COLWELL.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. BROKERS—SALE—PROCURING CAUSE—COMMISSIONS.

> Where in an action for broker's commissions there was no evidence that plaintiff influenced the sale of defendant's real estate in the least degree, the purchaser having begun, carried on, and completed the negotiations without the slightest reference to plaintiff, and without any inducement from her, she was not entitled to recover commissions.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Marie C. Scherer against William L. Colwell. From a judgment of the Municipal Court of the city of New York in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Alvin Summers, for appellant.

P. Van Alstine, for respondent.

SCOTT, J. To earn a commission for effecting the sale of real estate a broker must do something more than get authority from the owner to negotiate the sale. He must be the effectual cause of the sale. He must find the purchaser, or at the very least induce a purchaser to buy the property at a price acceptable to the owner, and the sale must proceed from his efforts. Wylie v. Marine Nat. Bank, 61 N. Y. 416. In the present case there is a total lack of evidence that the plaintiff influenced the sale in the least degree. The purchaser began the negotiations, carried them on, and completed them without the slightest reference to the plaintiff, without any inducement from her, and apparently without knowledge of her existence. So far as appears from her own evidence, the sale would have gone on to completion just as it did if plaintiff had never existed. It is true that she talked with the purchaser's son, but he was not his father's agent, and does not appear to have conveyed to his father anything that plaintiff may have said. The paper executed by defendant, whether it be called an option or an authority to sell, was without consideration or time limit, and was revocable at pleasure. It was revoked soon after it was given, and it does not appear that the plaintiff did anything under it prior to its revocation. We can find no evidence to justify the judgment, and it must be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.