(45 Misc. 430)

## DE ZAVALA v. ROGALINER.

(Supreme Court, Appellate Term. November 10, 1904.)

1. BROKERS—COMMISSIONS—PROCURING CAUSE OF SALE.

Where a broker brought the purchaser and seller together, but a sale was not effected at that time, the parties not having agreed on terms, and some weeks later the matter was taken up by another broker, who finally consummated a sale by bringing the parties to terms on a basis other than that originally submitted by the first broker, the latter was not the procuring cause of the sale, and was therefore not entitled to recover commissions.

¶ 1. See Brokers, vol. 8, Cent. Dig. §§ 73, 74.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Henry De Zavala against Maurice Rogaliner. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

For former opinion, see 84 N. Y. Supp. 969.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

J. Marks, for appellant.
Mulqueen & Mulqueen, for respondent.

PER CURIAM. On the former appeal in this case, in reversing a judgment in favor of the plaintiff, Mr. Justice Blanchard, writing for the unanimous court, said:

"We do not think that it can be said that, under the evidence produced, the plaintiff was entitled to recover. The action is brought upon an assigned claim for broker's commission. The testimony of the plaintiff is to the effect that he secured the defendant's leasehold for sale, and offered it at the price named by the defendant to the party who subsequently became the purchaser. The evidence, however, fails to show that plaintiff's assignor was the procuring cause of the sale. It appears that, although the parties were originally brought together by the plaintiff's assignor, still at that time the parties had not agreed upon terms. Subsequently, and some weeks later, the matter was taken up by another broker, who finally consummated the sale by bringing the parties to terms upon a basis other than that which was submitted originally to the plaintiff by the defendant, and by the plaintiff submitted to the purchaser. The efforts of the plaintiff's assignor were not crowned with success, and it was left to another broker to bring the transaction to a successful termination."

It is not claimed by the respondent herein that the testimony given upon this trial differs in any material respect from that given upon the former trial, and the appellant asserts that it is substantially the same. Neither is it claimed by the respondent that the law as laid down by Mr. Justice Blanchard in the former trial, based upon the same state of facts, is not sound, or that by any subsequent decision of a higher tribunal it has been overruled. We are asked, however, to affirm the judgment now obtained upon testimony which this court has once decided after a careful examination thereof was insufficient to warrant a recovery in favor of the plaintiff, and this without giving a single reason in support of such a request.

In Scherer v. Colwell, 43 Misc. Rep. 390, 87 N. Y. Supp. 490, Mr. Justice Scott said:

"To earn a commission for effecting the sale of real estate, a broker must do something more than get authority from the owner to negotiate the sale. He must be the effectual cause of the sale. He must find the purchaser, or, at the very least, induce a purchaser to buy at a price acceptable to the owner."

We have examined the record upon this trial, and are still of the opinion that plaintiff's assignor was not the "effectual" cause of the sale. As stated in Mr. Justice Blanchard's opinion:

"* * * It appears that, although the parties were originally brought together by the plaintiff's assignor, still at that time the parties had not agreed upon terms. Subsequently, and some weeks later, the matter was taken up by another broker, who finally consummated the sale by bringing the parties to terms upon a basis other than that which was submitted originally to the

plaintiff by the defendant, and by the plaintiff submitted to the purchaser. The efforts of the plaintiff's assignor were not crowned with success, and it was left to another broker to bring the transaction to a successful termination. As was said by Mr. Justice Finch in Sibbald v. B. I. Co., 83 N. Y. 378, 383, 38 Am. Rep. 441: 'A broker is never entitled to commissions for unsuccessful efforts.' The learned justice further said: 'It matters not that, after his failure and the termination of his agency, what he has done proves of use and benefit to the principal.' And so in the present case we are of the opinion that the plaintiff has failed to establish his right to the commission."

Judgment reversed. New trial ordered, with costs to appellant to abide the event.